WHEELER
v.
BAILEY.

## WHEELER *against* BAILEY.

Where an officer having a defendant in execution, A. promised that if the officer would release the defendant, he would pay the amount of the execution if he failed to redeliver him to the officer on a certain day, and the officer accordingly released him; it was held, that this was a voluntary escape, and that the officer could maintain no action against A. on the non-performance of his promise.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action in the court below against the plaintiff in error, and declared, for that he, the plaintiff below, as constable, had, in his custody, one *Charles Billings,* by virtue of two executions, and the defendant, in consideration that the plaintiff would release and discharge *Billings,* and that *Billings* would go to work for him, the defendant, promised the plaintiff that he would pay him the amount of the executions and costs, if he failed to deliver *Billings* into the custody of the plaintiff the next *Monday* morning; and the breach alleged was, that the defendant had failed in the performance of his promise. The allegations of the declaration were substantially made out in evidence on the trial; but there was no proof that the plaintiff below had paid the executions, or sustained any damage. A verdict and judgment were given for the plaintiff below, the defendant in error.

*Per Curiam.* The conduct of the constable, in permitting *Billings* to go at large, amounted to a voluntary escape, and he had no authority to take any security for the redelivery of *Billings* to him; the promise of the defendant was, therefore, void. Had it been an absolute engagement to pay the amount of the executions, it might have altered the case; but the undertaking of the defendant amounted only to his becoming security for the redelivery of *Billings* into his custody, a contract which the law would not justify his making; and it does not appear that he has sustained any damage whatever by the non-performance on the part of the defendant. The judgment must, accordingly, be reversed.

Judgment reversed.