## MOSES CHEEVER *vs.* PHINEHAS MIRRICK AND NATHANIEL POND.

All distinct allegations in pleadings, not denied nor answered, are admitted.

If a voluntary escape be permitted on execution by the sheriff, the creditor can still cause the debtor to be retaken on an alias execution ; his property to be seized or an action of debt to be brought on the judgment. But the sheriff has no such power, unless by consent of the creditor. That consent may be by parol and by the creditor's attorney.

If the attorney take a note of the sheriff for the amount of the execution, without agreeing, that it shall be payment and without giving a discharge of the execution, it is no bar to the prosecution of any of the above remedies in the creditor's name for the sheriff's benefit.

THIS was trespass *de bonis asportatis* for certain farming tools, stock and household furniture.

At the trial here, October, 1820, *Mirrick* pleaded in justification, that he assisted *Pond*, who was a deputy sheriff, to levy on the articles an execution in the name of *W. Fairbanks vs. Moses Cheever*, the present plaintiff; and that this was the trespass complained of.

The plaintiff replied, that the execution so levied was an alias; that the first execution on the judgment had been delivered to *Mirrick* himself for service, who was also a deputy sheriff; that *Mirrick* arrested and detained *Cheever* upon it for the space of four hours, then permitted him to go at large,

Cheever
vs.
Mirrick et al.

and afterwards returned it unsatisfied; that *Mirrick* thereupon sued out this alias, delivered it to *Pond,* and, as stated in the plea, aided him in the levy of it. The rejoinder alleged, that the alias was sued out by *Fairbanks* and not by *Mirrick.*

On this fact issue was joined.

*Pond* pleaded in justification, that he, as a deputy sheriff, levied the above alias on the articles mentioned in the writ. To this it was replied in substance, as in the replication to *Mirrick's* plea; with the additional averment, that *Pond* knew the alias was sued out by *Mirrick* without the knowledge of *Fairbanks.*

The rejoinder merely alleged that the alias was sued out by *Fairbanks ;* and on this an issue was joined.

It appeared in evidence, that *Mirrick* did arrest *Cheever* on the first execution, and on his agreeing to pay it within a specified time, or to return into custody, *Mirrick* permitted him to go at large; that *Cheever* performed neither, and the execution remaining at the return day unsettled, *Fairbanks* instituted a suit against *Mirrick* for his default; that judgment being recovered against *Mirrick,* the attorney of *Fairbanks* took a note from *Mirrick* for the amount thereof; and, at *Mirrick's* request, permitted him to renew the execution against *Cheever* in order that he might collect from *Cheever* sufficient to satisfy the note; that *Mirrick* accordingly obtained this alias, delivered it to *Pond* for service, and with the proceeds paid the note given to *Fairbanks'* attorney.

The jury were directed, that if they believed the testimony concerning the permission to *Mirrick* to sue out an alias on *Fairbanks'* judgment, the defendants were entitled to a verdict.

A verdict was found for them, subject to further consideration on the correctness of the charge.

*J. C. Chamberlain,* counsel for the plaintiff.

*Bingham,* for the defendants.

WOODBURY, J. delivered the opinion of the court.

All the pleadings in this case terminate in an issue on the single point, whether the alias execution was or was not sued out by *Fairbanks,* the creditor.

48

For the voluntary escape by *Cheever*, the knowledge of it by *Pond* and all the other material allegations, not being denied, are admitted. *Qui non negat, fatetur. Loft. Rep. Apx.* 85 *maxim.*—2 *Bl. Rep.* 1025.

The finding of that issue is highly material; because after a voluntary escape, the sheriff, without permission from the creditor, has no remedy against the debtor upon the former judgment or execution. 1 *N. H. Rep.* 369, *Langdon vs. Hathaway.*—2 *John. C.* 3.—4 *Mass. Rep.* 395.—10 *ditto* 59.— 8 *East* 171.—2 *D. & E.* 176. His only redress is on a new promise from the debtor, running to himself. 13 *John.* 366. —14 *ditto* 379, 467.—15 *ditto* 256. But it is equally well settled, that the creditor, after such escape, is not without remedy against the debtor, either by debt on the judgment or a renewal of his execution. 9 *Mass. Rep.* 136.—10 *ditto* 59.—15 *John.* 256.—2 *John. C.* 2, 15.—*Tidd* 957.—*Cr. Ch.* 75.—*Cr. El.* 555.—*Cr. Ja.* 532.—*Hob.* 60. This remedy can be assigned to the sheriff; and if so assigned, whether by parol or otherwise, the sheriff may exercise it in a manner as ample as the creditor himself could. Every thing necessary to the assignment is a bare permission or license from the creditor, that the sheriff may pursue the remedy in his name. 2 *John. C.* 15, *Lansing vs. Fleet.*—15 *John.* 259. *Thompson vs. Lockwood.*—9 *Mass. Rep.* 133.

Even original writs and executions are seldom sued out by the plaintiffs in person; and the only authority usual or necessary to those, who act for plaintiffs, in these cases, is either an assent or request on the part of the plaintiffs.

This assent or request, where the agent is equitably entitled to prosecute, has in some cases been presumed from the mere justice and propriety of it.(1) And under the civil law, a surety could, by subrogation, compel the creditor after an offer of payment to permit him to prosecute the principal in the name of the creditor.(2) But at common law, there must be some evidence of actual assent or request on the part of the creditor; however distressing may be the condition of the sheriff, or however great dishonor may attach to the creditor, by a refusal.

(1) 14 John. 501.—3 Mass. Rep. 465.

(2) Just. Inst. 612.—3 Whea. 526.

In this case, there was full consent and permission by the creditor's attorney. This consent was given at the time of the execution of a note by the sheriff for his default and was intended to enable him to obtain that indemnity from the debtor, which every honest creditor would wish to secure to an unfortunate officer. Neither of the judgments appear at that time to have been actually discharged; and the receipt of the note was not itself payment without an express agreement to that effect. 1 *N. H. Rep.* 382, *White vs. Crockery Ware Company.*—Vide, also, 3 *Maul. & Selw.* 362.—3 *East* 169.—2 *Barn. & Ald.* 52.—15 *John.* 347.

The attorney of the creditor was still his agent; the consent given related to the collection of the demands entrusted to him, was not injurious to his principal, and was probably no more than the creditor himself would have given, if applied to. The alias, therefore, was sued out by the creditor, because it was done by the permission of his agent; and *qui facit per aliud, facit per se.*

But it is further contended, that after a creditor has elected to prosecute the sheriff for his default, instead of the debtor for the original debt, the debtor is exonerated. But we doubt, whether such a position could be maintained, even if the judgment against the sheriff was satisfied. For even then the debtor would have paid nothing; and the recovery against the sheriff is on a new and different cause of action. 9 *Mass. Rep.* 136.—*Bul. N. P.* 69.

The renewal of the execution in this case somewhat resembles the prosecution of a former claim in a creditor's name for the benefit of a surety, who has paid or given new indemnity for the debt, without procuring an actual discharge or cancelling of it. 10 *John.* 524, 539.—1 *ditto* 137.—13 *ditto* 353.—2 *John.* C. 227.—8 *Mass. Rep.* 465. The note was neither given nor received with a view to discharge the judgment against the original debtor. There was no *animus solvendi* in respect to that,(1) nor did it as before shewn amount to a discharge of the sheriff; and it is well settled that the debtor cannot be exonerated till a satisfaction against one or the other.(2) In this case therefore, we are happy to find,

(1) 3 Maul. & Selw. 93.

(2) 8 John. 366, Jackson vs. Bartlett.

that when officers, without fraud or culpable negligence, merely indulge their humanity on ungrateful objects, substantial justice can be administered between them without any departure from legal principles.

*Judgment on the verdict.*