*Kellogg*, for plaintiff.

———————⧉———————

ESSEX,
*July,*
1829.

RICH STEVENS *vs.* SAMUEL WEBB.

A promise made to an officer who had arrested a debtor on an execution, that *if the officer would suffer the debtor to go at large,* he, the promisor, *would have the debtor forthcoming to be committed in the life of the execution,* is without legal considera-tion and void.

This was an action of *assumpsit,* to which the general issue was pleaded in the county court, and a verdict rendered thereon for the plaintiff.  The defendant moved that the judgment be ar-rested on the ground of the insufficiency of the declaration.  The declaration was as follows :

  " The plaintiff declares against the defendant in a plea of the case, for that one *Michael J. Stevens,* at *Lunenburg,* in the coun-ty of *Essex,* on the 11th day of June, 1827, was a legal sherifl's deputy within and for the county of *Essex,* under *Rich Stevens,* then sheriff of said county, and then and there had in his hands for collection, as such sheriff's deputy, an execution in favor of *Greenleaf Webb* against one *John Shoers,* issued on a judgment rendered by *John Dodge,* a justice of the peace within and for the county of *Essex,* at *Guildhall* in said county, on the 23d day of April, A. D. 1827, for $12 70 cents damages, and $2 27

Essex,
July,
1829.

Stevens
vs.
Webb.

cost of suit; which said execution was signed by *John Dodge*, justice of the peace as aforesaid, dated the 23d day of April, A. D. 1827, and directed to the sheriff of *Essex* county, his deputy, or either constable of *Lunenburg*, in said county, to serve and return : by virtue of which said writ of execution the said *Michael J.* as deputy sheriff, as aforesaid, afterwards, to wit, on the said 11th day of June, at said *Lunenburg*, for want of goods chattels, or estate of the said *Shoers*,whereon to levy the same,arrested and took the body of the said *Shoers*, and was about to commit him to the common jail in said *Guildhall*; whereupon the defendant then and there, in consideration that said *Michael J.* would suffer the said *Shoers* to remain with the defendant, and in his keeping, promised the said *Michael J.* as such deputy sheriff, that he, the said defendant, would, on the 20th day of said June, have said *Shoers* forthcoming at said *Guildhall* to be committed by virtue of said execution to the common jail aforesaid. And now the plaintiff says, that the said defendant, not regarding his said promise, did not have the said *Shoers* forthcoming at said *Guildhall*, on said 20th day of June, to be committed, as aforesaid, although the said *Michael J.* was then and there ready to commit the said *Shoers* by virtue of said execution : by reason of all which an action was commenced against the plaintiff, in favor of said *Greenleaf*, for the default and neglect of the said *Michael J.* in the premises, in which action the said *Greenleaf*, on the twenty-seventh day of September, A. D. 1827, at said *Guildhall*, by the consideration of *John Dodge*, justice of the peace, as aforesaid, recovered judgment for $14 38 cents damages, and $1 35 cost of suit ; on which last mentioned judgment an execution issued in due form of law, which the plaintiff afterwards, to wit, on the 15th day of October, 1828, paid and satisfied to the said *Greenleaf*. By reason of all which an action hath accrued to the plaintiff to have and recover of the defendant the said sum of $15 98 cents, the damages and cost aforesaid, with the legal interest thereon accruing ; and the defendant, being so liable as aforesaid, in consideration thereof, afterwards,to wit,on the 7th day of March, 1828, at said *Guildhall*, assumed upon himself and promised the plaintiff to pay him said sum of $15 98 cents, with the legal interest thereon accruing, on demand. Yet the defendant, though often requested, hath neglected and refused to pay the same ; to the damage," &c.

The case was reserved for the opinion of the Supreme Court.

*W. Mattocks, for the defendant,* contended, 1. That if any action would lie, it must be in the name of the deputy to whom the promise was made.

2. That no action lies on this promise, it being predicated on a breach of duty in the deputy, in suffering the prisoner to escape, instead of committing him to jail. If the consideration is illegal, or the cause or foundation of the promise is an illegal act of the promisee, the law will not lend its aid to enforce the promise : and even in case of a bond, *this* may be aver-

ESSEX,
July,
1829.

Stevens
vs.
Webb.

red, and shewn *de hors* the bond.—1 *Esp*. 89.—1 *Selw*. 569 to 573.

The consideration must be such as the promisor has the legal power to perform, or cause to be performed.—1 *Selw*. 63.—1 *Comyn on Contracts*, 24.—The defendant had no legal power to keep the prisoner, and would be a trespasser in so doing.—2 *Phil. Ev.* 232.—1 *Bos. & P.* 27.—2 *Black. R.* 1048.—The *statute, p*. 209, 210, directs the sheriff to commit, &c. not saying how expeditiously ; but the nature of the case and the common law require with all convenient despatch, of which the court are to judge. If he can commit to private custody nine days, he may do so during the life of the execution, sixty, or one hundred and twenty days, or till the next term, which would open a door to the most dangerous abuse of the office. If the sheriff voluntarily suffer the prisoner to escape or go at large on execution, he cannot take him on *fresh suit*, and if he does, trespass will lie in favor of the debtor.—2 *Bacon*, 240.—1 *Back. Sheriff*, 163, 168, 174.—*State* vs. *Drew*, &c. 4 *Mass.* 391.—10 *Mass.* 59.—So on an *agreement* to return.—1 *Backus*, 65.—If the debtor be seen at large after arrest on execution, *even before return of the writ*, debt lies against the sheriff for the whole debt.—2 *Phil.* 230-1-2.—1 *Swift's Dig.* 543.—2 *Black. Rep.* 1048.—If the sheriff permit the debtor to go about with a follower, or give more liberty than he ought, it is an escape.—3 *Starkie*, 1347.—*Phil.* 231-2.—1 *Bos.* & *P.* 24, 27.—An agreement, the natural effect of which is to induce an officer to neglect his duty, is *void*.—*Chitty on Contracts*, 221-2.—1 *Ld. Ray.* 279.—Such was the natural effect in this case. The deputy was bound to know the defendant could not legally keep the prisoner in close custody the nine days, and to presume that the prisoner would demand his liberty and claim exemption from being retaken by the defendant or deputy, or avoid coming within their reach.— So that this Court can only construe *this* into a contract to indemnify against an escape or breach of duty, and so *void*. A bond to indemnify against an escape is *void*.—*Ayer* vs. *Hutchins, &c.* 4 *Mass. R.* 370.—1 *Caines' R.* 460.—An express promise to indemnify an officer against a breach of duty is void, and he cannot protect himself by any collateral stipulation.—3 *Starkie*, 1357 –8.—8 *East*, 171.—1 *Comyn's Con.*, 30.—*Denney* vs. *Lincoln, adm'r*, 5 *Mass. R.* 385.—*Id.* 541.—In the last case it was a promise made *before arrest* to deliver the debtor in consideration of omitting to arrest, and decided void. It was in substance a contract to indemnify against a *neglect to arrest* : the present, is to indemnify against a neglect to *commit after arrest*. In principle both are to indemnify against *neglect of duty*. But a prom-

Essex,
July,
1829.

Stevens
*vs.*
Webb.

ise to indemnify the sheriff in doing a lawful act is good. As where *A* was arrested, and *C*, in consideration that the bailiff would suffer A to continue in C's house till morning, promised *then* to deliver A to bailiff's custody *:* for it will not be intended that the bailiff was ever absent from A ; so that it would be no escape : clearly implying that if the absence of the bailiff could be intended it would be an escape, and so the contract void. In the present case, will the Court intend that the deputy kept with the prisoner the nine days ? No action lies where the consideration, in respect of which a recompence is claimed, is immoral or illegal ; and it makes no difference if the parties thought they were acting legally.—3 *Starkie*, 1630, 1633.—Again, if defendant had delivered *Shoers* to be committed, he could not lawfully be committed, as the officer could not take him a second time, even by agreement.—2 *East*, 243.

*S. Cushman, for plaintiff.*—1. The facts set forth in the declaration entitle the plaintiff to recover. The defendant stands in the light of assistant or keeper. *Shoers*, at his request, is left in his custody ; and defendant promises to deliver him to plaintiff's deputy to be committed in the life of the execution ; and defendant voluntarily suffers *Shoers* to go at large. 1 *Chip. Rep.* 62, *Smith* vs. *Joiner, et al.* This contract had no tendency to induce the sheriff to neglect or omit to do his duty.

2. The facts set forth are a sufficent consideration for the *last* promise alleged, which is an express promise and binding on defendant.

Turner, J. delivered the opinion of the Court.—Two questions are here presented for the consideration of the Court. 1st. Can any action be sustained ? 2d. Should it not be brought in the name of the deputy sheriff ?

With respect to the first question, we would remark, that it is essential to the validity of every simple contract, that it be founded upon a legal or moral consideration ; such consideration being the very essence of a contract. It would be against sound policy, and the well established principles of law, to enforce one otherwise made. It appears from the declaration, that the officer, on the 11th of June, 1827, arrested and took the body of one *John Shoers*, on execution, and was about to commit him to jail, when the defendant, in consideration that the officer would suffer the said *Shoers* to remain with the defendant, and in his keeping, promised that he would on the 20th of June have the said *Shoers* forthcoming at the common jail in said county, to be commited on and by virtue of said execution.

Essex,
July,
1829.

Stevens
vs.
Webb.

The only point raised by the counsel in this question, is, with regard to the legality of the consideration. It is a well settled principle, that a promise to induce an officer to neglect his duty, or to indemnify him against an illegal act, cannot be enforced. 13 *Johns.* 366, also, other cases cited by defendant's counsel.

It is the duty of the officer, on levying the execution on the body of the debtor, to keep him in close and safe custody, and conduct him to jail, in the most direct manner, as soon as convenient. It is a clear principle of common law, that if the officer, after he has taken a debtor, permits him to go at large out of his custody, it will be a voluntary escape, and a breach of duty, for which he would be liable, though he should retake and commit him within the life of the execution.

In this case there was clearly a voluntary escape, and being illegal, and a violation of the officer's duty, the contract made to induce it is void, and cannot be enforced, for want of sufficient consideration. If the defendant had fulfilled his undertaking, and had the debtor forthcoming within the life of the execution, it would not have discharged the officer from his liability ; for the debtor, if committed, might have procured his release. Should it be said that the defendant was in the wrong, it may be admitted, and still the plaintiff not entitled to recover, for where both are in the wrong, better is the condition of the defendant. The view we have taken of the cause supercedes the necessity of remarking upon the second question.

Judgment arrested.

*W. Mattocks,* for defendant,
*S. Cushman,* for plaintiff.