## COUNTY OF ESSEX,

MARCH TERM, 1843.

— [Continued from Vol. 17, page 96.]

PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD, }

---

DORCAS HOPKINSON, Administratrix, *v.* GEORGE E. HOLMES.

In a suit against a sheriff, for the default of his deputy, the deputy is a competent witness for the defendant, after having received from him a release from all liability on account of the default alleged.

Where the default complained of, in such case, was the neglect of the deputy to arrest a debtor upon execution, and it appeared that the deputy was with the debtor during the life of the execution and forebore to arrest him, and permitted him to go into the State of New Hampshire, upon his promising to return during the life of the execution and settle the amount due, and the sheriff had released the deputy from all liability on account of the alleged default, it was held, that the promise of the debtor created in him no existing interest, which could exclude him from being called as a witness by the defendant.

Whether a sheriff has used reasonable diligence, in endeavoring to arrest a debtor upon execution, is a mixed question of law and fact.

TRESPASS ON THE CASE against the defendant, as sheriff of the county of Essex, for the default of David E. Denison, a deputy sheriff under the defendant, in neglecting to make service of an execution in favor of the plaintiff against one James Steele. Plea, the general issue, and trial by jury,—REDFIELD, J., presiding.

On trial, the evidence on the part of the plaintiff being closed, the defendant offered David E. Denison as a witness,—having first executed and delivered to the said Denison a release from all liability to him on account of any neglect of duty in reference to the said execution. The plaintiff objected to the admission of the witness, on the ground that it would be against the policy of the law to allow him to testify in the case; but the court overruled the objection, and the witness was admitted.

The evidence in the case tended to prove, that David E. Denison received the execution in question for collection on the 20th day of April, 1840; that one John P. Denison, constable of Guildhall, made service of the original writ in the suit in which the execution issued, and returned thereon that he had attached certain personal property belonging to Steele; that on the 21st day of April, 1840, David E. Denison was directed by the plaintiff to demand the property attached by John P. Denison, and, if it was not delivered to him, to immediately commit Steele to jail upon the execution; that David E. Denison did demand the property, the same day, of John P. Denison, and John P. said that he could not then turn out the property, and requested David E. to give him time to see Steele and ascertain whether he could obtain the property, or not; and that David E. Denison was in company with Steele on the twenty second, twenty third and twenty fourth days of said April, and informed Steele that he had the execution, but made no attempt to arrest him. It also appeared, that the constable did not take the property, which he returned he had attached on the original writ, into his possession, but that he left it in the possession of Steele, and that Steele had disposed of most of it, before the execution issued. It also appeared, that, at the time David E. Denison received the execution, the water had so overflowed between his house and that of John P. Denison, which was about five miles distant, that it was very difficult to pass, and it was neces-

sary either to leave the road and pass through the fields, or to cross the Connecticut River into New Hampshire.

The evidence in the case also tended to prove that David E. Denison, while he held the execution, and after he had made the demand of John P. Denison, above mentioned, met Steele in Guildhall and was about to arrest him upon the execution, when Steele desired the privilege of going into New Hampshire, and promised that he would return immediately and pay the execution, and that David E., placing confidence in the assurances of Steele, omitted to arrest him; but that Steele did not return from New Hampshire, until a time when he was privileged from arrest as an attorney of Essex county court, then in session; by reason of which the plaintiff lost the benefit of his execution against Steele.

The defendant, in the course of the trial, and after David E. Denison was admitted as a witness, offered James Steele as a witness; to whose admission the plaintiff objected, upon the ground that Steele, by reason of his promise above mentioned, was interested in this suit to the amount of the costs therein; but the court overruled the objection, and admitted the witness.

The counsel for the plaintiff requested the court to instruct the jury,—1, That, if they found that John P. Denison, at the time he made the attachment, suffered the property to remain in the possession and under the control of Steele, and that Steele had disposed of the property, and that David E. Denison and John P. Denison, from their proximity of residence to Steele and their acquaintance with his property and circumstances, had reason to believe and did believe, that none of the property could be delivered to the deputy on said execution, and if they found that David E. Denison was in company with Steele on the 22d, 23d and 24th days of April, 1840, that then the said David E. Denison was guilty of a neglect of duty, in not arresting Steele upon one of those days.

2. That if David E. Denison knew that John P. Denison suffered the property to remain in the possession and at the disposal of Steele, and that Steele had disposed of it, and he was with Steele on the 24th day of April, 1840, in Guildhall, and suffered him to go at large into New Hampshire, upon his promise to return, he was guilty of a neglect of duty.

---

Hopkinson, Adm'x, v. Holmes.

---

3. That what would be a reasonable time for David E. Denison to delay arresting Steele, in order to give John P. Denison time to turn out upon said execution, after demand, the property attached, was a question of law, to be decided by the court, and not by the jury.

4. That the delay to commit Steele, from April 20th to April 24th, inclusive, was an omission to use such diligence, as the law required under the circumstances of the case.

The court charged the jury as requested, in reference to the two first points; and as to the third and fourth points the jury were instructed, that the question made in reference to the diligence to be exercised by the officer was to be determined by them, upon a consideration of all the circumstances; that it was the duty of the officer, who had the execution for collection, to use the utmost diligence, and that he could not excuse himself by inclemency of weather, or the difficulty of the roads, unless they were absolutely impassable; but that, in a case like the present, he must first demand the property attached, and give a reasonable time for the first officer to go to the place, where it was attached, and deliver it to him,—using the strictest diligence; and that he could not give the first officer time to search for other property, or more time than was necessary to get the property, if he had kept it according to the usual practice of officers; that, after giving such reasonable time, and no more, it was his duty to arrest and commit the debtor ; and that if, in this case, the deputy omitted so to do, and the debtor departed from his precinct, and was not committed until after he was privileged from arrest, the defendant was liable for the neglect.

The jury returned a verdict for the defendant. Exceptions by plaintiff.

*S. Cushman* for plaintiff.

———— for defendant.

The opinion of the court was delivered by

ROYCE, J.   The first exception, taken by the plaintiff, was to the admission of the deputy sheriff, Denison, as a witness for the defendant, after being discharged from all liability to him for the

Hopkinson, Adm'x, v. Holmes.

consequences of the neglect, or misfeasance, complained of. We deem it too well settled, that a deputy, when thus discharged, is admissible as a witness for his principal, to be now questioned. The decision to this effect in *Ordway* v. *Bacon*, 14 Vt. 378, was in accordance with long and uniform practice in this state. Had it appeared, that the deputy had incurred expenses in defending the suit, which were dependent upon its result for their reimbursement, the question would doubtless have deserved a different consideration ; but as nothing of that kind was disclosed, the witness was correctly admitted.

Objection was also taken, and is still urged, to the admission of the judgment debtor, Steele, as a witness for the defendant. The ground of this objection is, that the witness stood in a condition to be liable over to the defendant, at least for the costs of this action, if the plaintiff recovered. But it should be borne in mind, that his promise to return from New Hampshire was not made to the defendant, but to Denison, who was afterwards discharged from all accountability. Besides, if at the time of receiving the promise it was the official duty of Denison, as the plaintiff insists, to arrest and commit Steele without delay, the indulgence, for which the promise was given, being clearly for ease and favor, was inconsistent with such official duty, and the promise was therefore void in law. *Stevens* v. *Webb*, 2 Vt. 344. There was no valid objection to the competency of the witness.

It is farther contended, that the question of reasonable diligence in this case was a question of law for the court exclusively to decide ; and that the judge erred in declining to instruct the jury, that the failure to arrest and commit the debtor, on or before the 24th day of April, was such a want of diligence in the officer as entitled the plaintiff to recover. We think, however, that the judge was right in treating the question of diligence as a mixed question of law and fact. It has never, to my knowledge, been regarded otherwise in any case of this description. Indeed, it is obvious that no rule can justly be prescribed, fixing the precise time within which the successive duties of the officer shall be performed in these cases, since the proper and requisite time must depend upon such numerous and ever varying circumstances. We have an illustration of this in the present case, which involved a complica-

tion of matters to be considered, many of them not even stated to us as facts proved, but only such as the evidence tended to prove. It was therefore sufficient for the judge to advance those propositions in regard to the officer's duty, which, if honestly and sensibly applied by the jury to the case on trial, would lead them to a just result. And as such a charge was given, holding the officer to a very strict measure of diligence, it was all that the plaintiff could legally require.

Judgment of county court affirmed.